Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| ERNESTO BERMÚDEZ DE PEDRÓ Y OTROS | | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Guayama |
|---|---|---|
| Peticionarios | TA2025CE00773 | |
| v. | | Sobre: Acción de Reanudación de Tracto Sucesivo |
| RAMÓN CINTRÓN CORDERO | | |
| Recurridos | | Caso Núm. GM2025CV00703 |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez

Domínguez Irizarry, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 26 de enero de 2026.

La parte peticionaria, Ernesto Bermúdez de Pedró, Dominga Ildefonso Rivera y la Sociedad Legal de Bienes Gananciales compuesta por ambos, comparecen ante nos para que dejemos sin efecto la *Orden* emitida el 15 de octubre de 2025 y notificada al día siguiente, por el Tribunal de Primer Instancia, Sala de Guayama. Mediante esta, el foro primario dispuso la expedición de los emplazamientos solicitados, sin embargo, condicionó dicho trámite al cumplimiento de ciertos requisitos establecidos en el inciso 2 del Artículo 185 de la *Ley del Registro de la Propiedad Inmobiliaria del Estado Libre Asociado de Puerto Rico*, Ley Núm. 210-2015, según enmendada, 30 LPRA sec. 6291. Ello, dentro de un pleito sobre reanudación de tracto al amparo del Artículo 183 de la referida Ley Núm. 210-2015, 30 LPRA sec. 6282.

Por los fundamentos que expondremos a continuación, se expide el auto solicitado, y se modifica la *Orden* recurrida.

**I**

El 15 de agosto de 2025, la parte peticionaria presentó una *Demanda* al amparo del Artículo 183 de la Ley Núm. 210-2015, 30 LPRA sec. 6282, con el propósito de obtener la reanudación del tracto registral respecto a un inmueble localizado en el barrio Los Pollos en Patillas, Puerto Rico.[1] En específico, esbozó que el señor Ramón Cintrón Cordero, al momento de su fallecimiento, era el titular registral y dueño del siguiente inmueble:

> ---RÚSTICA: Barrio Los Pollos de Patillas. Solar 155. Cabida 10.376 cuerdas. Linderos: por el Norte; con tierras de Paulino Ortiz, Felipe Cintrón, Gregorio Rivera y Victoriano Figueroa; por el Sur; con más tierras de la finca principal de que se segrega, parcelas marcadas 154-P y 156-P; por el Este; con tierras de Ramón Cordero; y por el Oeste; con tierras de Paulino Ortiz y en un punto con Antonio Mariani. Enclavan dentro de esta parcela las siguientes edificaciones: 1) casa de madera y zinc de 14 pies y medio por 10 pies, radicada en el extremo norte de la parcela. Es propiedad de Galo Alicea, quien la ocupa. 2) casa de madera y zinc de 16 pies por 12 pies, radicada en el extremo norte del predio, propiedad de Ramón González, quien la habita. 3) casa de madera y zinc de 16 pies por 12 pies, radicada en el extremo norte del predio, propiedad de Francisco Gómez y está ocupada por Ramón Cintrón. 4) casa de yaguas de 14 pies por 10 pies, radica en el extremo norte del predio, propiedad de Arcadio Santiago, quien la habita. Se forma por segregación de la finca 3204 de Patillas. Finca número 3307BIS, demarcación: Patillas.-------------------------------------

Así, la parte peticionaria sostuvo que el titular registral del inmueble falleció el 15 de agosto de 1967 y que, mediante *Resolución* sobre *Declaratoria de Herederos,* emitida el 23 de marzo de 1976, se reconoció como herederos a la parte recurrida. Alegó que, tras el fallecimiento del señor Cintrón Cordero, los herederos fueron enajenando, de forma sucesiva, sus respectivas participaciones

---

[1] La parte peticionaria acompañó su *Demanda* con la siguiente prueba documental: 1) *Resolución* sobre *Declaratoria de Herederos,* emitida el 23 de marzo de 1976 por el Tribunal Superior, Sala de Guayama; 2) Certificación de Propiedad Inmueble; 3) Escritura Núm. Dieciséis (16), intitulada *Cesión de Derechos y Acciones*; 4) Escritura Núm. Noventa y Cinco (95), intitulada *Permuta y Segregación*; 5) Escritura Núm. Treinta y Ocho (38), intitulada *Cesión de Derechos y Acciones*; 6) Escritura Núm. Treinta y Tres (33), intitulada *Cesión de Derechos y Acciones*; 7) Escritura Núm. Uno (1), intitulada *Cesión de Derechos y Acciones*; 8) Escritura Núm. Cuarenta y Seis (46), intitulada *Segregación y Permuta*; 9) Lotificación Simple; 10) *Sentencia* emitida en el Caso Civil CB-76-402.

hereditarias sobre la finca, a favor de la parte peticionaria mediante escrituras públicas, hasta adquirir el inmueble en su totalidad. No obstante, sostuvo que la finca permanece inscrita a nombre del causante, sin que conste en el Registro de la Propiedad la titularidad de los herederos, ni las transmisiones posteriores, lo que ha impedido completar el tracto sucesivo por la vía registral ordinaria. Ante ese escenario, solicitó una *reanudación de tracto*.

Posteriormente, el 15 de agosto de 2025, la parte peticionaria presentó una *Moción Solicitando Emplazamientos por Edicto y Orden*. Acompañó su petición con una *Declaración Jurada* del señor Ernesto Bermúdez de Pedró, en la cual manifestó que no había podido emplazar a la parte demandada, toda vez que desconocía su paradero y que, tras realizar una búsqueda por internet, no logró localizarlos. Ante ello, solicitó que se ordenara la publicación de un edicto para emplazar a todos los herederos del causante, así como que se le eximiera de enviar copia de la demanda y del emplazamiento a la última dirección de la parte demandada, por desconocer de ella.

Luego de ciertas incidencias, el 4 de septiembre de 2025, el Tribunal de Primera Instancia notificó a la parte peticionaria que "[l]a declaración jurada tiene que ser producida por un emplazador, quien exponga todas las gestiones realizadas para emplazar".[2] Así las cosas, el 17 de septiembre de 2025, la parte peticionaria presentó una *Moción en Cumplimiento de Orden*, junto con una *Declaración Jurada* suscrita por el emplazador, el señor Carlos Manuel Ortiz Torres, en la cual este describió las gestiones realizadas para localizar a la parte demandada. En específico, hizo constar que los días 8 y 9 de septiembre de 2025 llevó a cabo diligencias dirigidas a su localización, incluyendo entrevistas a familiares, a vecinos del

---

[2] Apéndice del recurso, Entrada Núm. 6.

lugar donde esta residía, a un agente de la Policía de Puerto Rico adscrito al área de Guayama y a una oficinista del Municipio de Patillas. A su vez, indicó que realizó verificaciones en el sistema digital de la Policía de Puerto Rico, gestiones ante la Oficina de Correos de Patillas, la Junta de Inscripción Permanente y una institución bancaria, sin obtener información sobre el paradero de la parte demandada. Por tanto, reiteró su solicitud de que se ordenara la publicación de un edicto para emplazar a todos los herederos del causante, así como que se le eximiera de enviar copia de la demanda y del emplazamiento a la última dirección de la parte demandada.

Evaluados los escritos presentados por la parte peticionaria, el 15 de octubre de 2025, con notificación al día siguiente, el Tribunal de Primera Instancia emitió la *Orden* aquí recurrida. Mediante esta, el foro primario ordenó la expedición de los emplazamientos por edicto solicitados por la parte peticionaria, empero, condicionó dicho trámite al cumplimiento estricto de los requisitos establecidos en el inciso 2 del Artículo 185 de la Ley Núm. 210-2015, 30 LPRA sec. 6291. En específico, ordenó que la parte peticionaria notificara personalmente o por correo certificado al Alcalde del municipio donde radica el inmueble, al Secretario de Transportación y Obras Públicas, al Fiscal de Distrito y a las personas que se encontraran en posesión de las fincas colindantes. Además, dispuso la citación personal del inmediato anterior dueño o sus herederos, así como de cualquier persona con derecho real sobre la finca objeto del procedimiento, y ordenó que la citación de estos se efectuara mediante edicto, el cual debía publicarse en tres ocasiones.

Inconforme, y tras denegada una previa solicitud de reconsideración, el 1 de diciembre de 2025, la parte peticionaria

compareció ante nos mediante el presente recurso de *certiorari*. En el mismo formula los siguientes planteamientos:

> Erró el Tribunal de Primera Instancia al determinar que era necesario hacer un emplazamiento negativo para expedir un emplazamiento por edicto.

> Erró el Tribunal de Primera Instancia al determinar que cuando hay dueños intermedios, hay que emplazar a todas las personas que dice el Art. 185 a, tales como el Alcalde, etc. y publicar el edicto en 3 ocasiones.

> Erró el Tribunal de Primera Instancia al negarse a relevar de enviar copia a la última dirección de los demandados si se desconoce su paradero y no aceptar la declaración jurada del demandante que los conoció hace más de 40 años y el emplazamiento negativo solicitado por este.

Luego de examinar el expediente que nos ocupa, procedemos a expresarnos.

**II**

**A**

El Artículo 183 de la *Ley del Registro de la Propiedad Inmobiliaria del Estado Libre Asociado de Puerto Rico*, Ley Núm. 210 de 8 de diciembre de 2015, según enmendada, 30 LPRA sec. 6282, dispone lo siguiente:

> ARTÍCULO 183. — Dueño de finca inscrita que no aparece como titular registral; reanudación de tracto; procedimiento y efectos.
> Cuando el dueño de una finca inscrita o de un derecho real sobre ésta no aparezca como titular registral, deberá instar acción ordinaria contra los que aparecen del Registro como titulares. Si el demandante obtiene sentencia a su favor, una vez esta sea final y firme, podrá solicitar y el Tribunal ordenar la inscripción a su nombre y la cancelación de los asientos registrales que procedan.
> **En caso de reanudación de tracto, también se harán constar los titulares intermedios y se citarán éstos como lo dispone el inciso 2 del Artículo 185 de esta Ley.**

Cónsono con lo anterior, el inciso 2 del Artículo 185 de la Ley Núm. 210-2015, 30 LPRA sec. 6291, dispone que:

> ARTÍCULO 185. — Dominio sin título inscribible; expediente de dominio; formalidades para justificar el dominio; requisitos.
> [. . .]

2. El promovente **notificará** personalmente o por correo certificado con copia de su escrito a los siguientes:

a. Alcalde del municipio en que radiquen los bienes.

b. Secretario de Transportación y Obras Públicas.

c. Fiscal de Distrito.

d. Las personas que están en la posesión de las fincas colindantes.

El tribunal ordenará la **citación** personal de los siguientes:

a. El inmediato anterior dueño o sus herederos si fueren conocidos en caso de no constar en escritura pública la transmisión. Se entenderá como inmediato anterior dueño, en el caso de que los promoventes sean herederos, aquel de quien el causante adquirió la propiedad.

b. Los que tengan cualquier derecho real sobre la finca objeto del procedimiento.

El tribunal ordenará la **citación** mediante edicto de los siguientes:

a. Las personas ignoradas o desconocidas a quienes pueda perjudicar la inscripción solicitada.

b. Los que están ausentes pero de no estarlo debían ser citados en persona y cuyo paradero se desconoce al tiempo de hacerse la primera publicación del edicto se les enviará copia de la citación por correo certificado y con acuse de recibo, a su última dirección conocida. Si se ignora su paradero y así queda probado, se les citará exclusivamente mediante el referido edicto.

3. Forma, plazo y contenido del edicto:

El edicto se publicará en tres (3) ocasiones dentro del término de veinte (20) días en un periódico de circulación general diaria en Puerto Rico, a fin de que comparezcan si quieren alegar su derecho.

Deberá contener la descripción de la finca que será objeto de inmatriculación y de tratarse de una finca agrupada, las descripciones de las fincas que la comprenden.

En el plazo improrrogable de veinte (20) días a contar de la fecha de la última publicación del edicto, los interesados y/o las partes citadas, o en su defecto los organismos públicos afectados, podrán comparecer ante el tribunal, a fin de alegar lo que en derecho proceda.

**B**

Como principio rector, el debido proceso de ley exige que toda persona, natural o jurídica, sobre quien pesa un proceso judicial, conozca de la existencia del mismo para que, de ser su deseo, comparezca al tribunal y presente su defensa adecuadamente. Así pues, de conformidad con este deber, el emplazamiento debe constituir una notificación razonable y eficaz sobre la pendencia de

determinada reclamación, de manera que le brinde al individuo la oportunidad de ser oído antes de que sus derechos queden adjudicados. *Rivera v. Jaume,* 157 DPR 562, 580 (2002). El emplazamiento es el mecanismo procesal mediante el cual los tribunales de justicia adquieren jurisdicción sobre la persona del demandado para que este quede sujeto a su eventual pronunciamiento. *Ross Valedón v. Hosp. Dr. Susoni et al,* 213 DPR 481, 488 (2024); *Rivera Torres v. Díaz López,* 207 DPR 636, 646-647 (2021); *Torres Zayas v. Montano Gómez et als.,* 199 DPR 458, 467 (2017). Siendo de este modo y por estar revestido de una de las mayores garantías constitucionales, nuestro sistema de derecho exige que, tanto su forma, como su diligenciamiento, cumplan estrictamente con los requisitos legales provistos. Por tanto, si se prescinde de los mismos, la sentencia que en su día recaiga carecerá de validez. *Rivera Torres v. Díaz López,* supra, pág. 647.

Como norma, el diligenciamiento personal de un emplazamiento constituye el mecanismo más idóneo para adquirir jurisdicción sobre un demandado. *Banco Popular v. SLG Negrón,* 164 DPR 855, 865 (2005). No obstante, por vía de excepción, el ordenamiento procesal vigente autoriza el *emplazamiento por edicto,* ello de concurrir ciertas circunstancias expresamente definidas por ley. *Sánchez Ruiz v. Higuera Pérez,* 203 DPR 982, 987-988 (2020). Al respecto, la Regla 4.6 de Procedimiento Civil, dispone como sigue:

(a) Cuando la persona a ser emplazada esté fuera de Puerto Rico, que estando en Puerto Rico no pudo ser localizada después de realizadas las diligencias pertinentes o se oculte para no ser emplazada, o si es una corporación extranjera sin agente residente y así se compruebe a satisfacción del tribunal mediante una declaración jurada que exprese dichas diligencias, y aparezca también de dicha declaración o de la demanda presentada que existe una reclamación que justifica la concesión de algún remedio contra la persona que ha de ser emplazada, o que dicha persona es parte apropiada en el pleito, el tribunal podrá dictar una orden para disponer que el emplazamiento se haga por un edicto. No se requerirá un diligenciamiento negativo

como condición para dictar la orden que disponga que el emplazamiento se haga mediante edicto.

La orden dispondrá que la publicación se haga una sola vez en un periódico de circulación general de la Isla de Puerto Rico. La orden dispondrá, además, que dentro de los diez (10) días siguientes a la publicación del edicto se dirija a la parte demandada una copia del emplazamiento y de la demanda presentada, por correo certificado con acuse de recibo o cualquier otra forma de servicio de entrega de correspondencia con acuse de recibo, siempre y cuando dicha entidad no posea vínculo alguno con la parte demandante y no tenga interés en el pleito, al lugar de su última dirección física o postal conocida, **a no ser que se justifique mediante una declaración jurada que a pesar de los esfuerzos razonables realizados, dirigidos a encontrar una dirección física o postal de la parte demandada, con expresión de éstos, no ha sido posible localizar dirección alguna de la parte demandada, en cuyo caso el tribunal excusará el cumplimiento de esta disposición.**

[…].

32 LPRA Ap. V, R. 4.6. (Énfasis nuestro).

De conformidad con lo anterior, para que proceda la autorización de un emplazamiento por edicto, se exige al demandante acreditar ante el foro concernido, mediante declaración jurada a los efectos, de manera específica y detallada, las diligencias que efectuó para localizar y, por ende, emplazar personalmente a la parte demandada. *Sánchez Ruiz v. Higuera Pérez,* supra, pág. 988. A tal fin, la declaración jurada que acredita las diligencias realizadas para citar al demandado personalmente debe expresar hechos específicos y no meras conclusiones o generalidades. *Íd.* Además, se ha indicado que es una buena práctica inquirir de las autoridades de la comunidad, la policía, el alcalde, del administrador de correos, que son las personas más llamadas a conocer la residencia o el paradero de las personas que viven en la comunidad. *Global v Salaam,* 164 DPR 474, 482-483 (2005). Por tanto, compete al juzgador examinar si las gestiones expuestas ante su consideración fueron razonables, de modo tal que concluya que, autorizar el emplazamiento por edicto, resulta ser el mecanismo más viable para

adquirir jurisdicción sobre la persona del promovido en el pleito. *Sánchez Ruiz v. Higuera Pérez,* supra, pág. 988.

Dicho lo anterior, a la parte demandante le asiste la obligación de procurar remitir copia de la demanda y del emplazamiento por edicto a la última dirección conocida del demandado, de modo que se concrete la garantía que un adecuado emplazamiento procura cumplir. Ahora bien, "[s]i se justifica por declaración jurada que a pesar de los esfuerzos realizados, con expresión de los mismos, no ha sido posible **localizar residencia** alguna del demandado, el tribunal excusará el cumplimiento de la disposición relativa al envío del sobre conteniendo la copia del emplazamiento y de la demanda, porque la ley no exige actos inútiles". R. Hernández Colón, *Práctica Jurídica de Puerto Rico*: *Derecho Procesal Civil*, 6ta ed., San Juan, Ed. LexisNexis, 2017, pág. 270; Regla 4.6 (a) de Procedimiento Civil, *supra.*

### III

En la presente causa, en su primer señalamiento de error, la parte peticionaria sostiene que el Tribunal de Primera Instancia erró al determinar que era necesario realizar un emplazamiento negativo para expedir un emplazamiento por edicto. No obstante, de la *Orden* emitida el 15 de octubre de 2025, notificada al día siguiente, no surge que el foro primario haya requerido o condicionado la expedición del emplazamiento por edicto a la realización de un emplazamiento negativo. Por el contrario, del referido dictamen se desprende que el Tribunal ordenó la expedición de los emplazamientos solicitados. Así las cosas, el primer señalamiento de error no se cometió.

En su segundo señalamiento de error, la parte peticionaria sostiene que el Tribunal de Primera Instancia erró al concluir que debía cumplirse íntegramente con los requisitos de notificación y citación dispuestos en el Artículo 185 de la Ley Núm. 210-2015,

*supra*, incluyendo la notificación al Alcalde, al Secretario de Transportación y Obras Públicas, al Fiscal de Distrito y a las personas que están en la posesión de las fincas colindantes, así como la publicación del edicto en tres (3) ocasiones.

El principio de tracto sucesivo exige que el historial jurídico de cada finca inmatriculada, respecto de sus sucesivos titulares registrales, aparezca sin saltos ni lagunas. Cuando esa continuidad se ve interrumpida por la falta de inscripción de transmisiones intermedias, el adquirente actual se encuentra impedido de inscribir su derecho. Precisamente para atender ese escenario, el ordenamiento jurídico provee el remedio de la *reanudación de tracto*. A tales efectos, el Artículo 183 de la Ley Núm. 210-2015, *supra*, dispone que cuando el dueño de una finca inscrita no aparezca como titular registral, deberá instar acción ordinaria contra los que aparecen en el Registro como titulares. De obtener una sentencia final y firme a su favor, el Tribunal ordenará la inscripción a su nombre y la cancelación de los asientos registrales que procedan. Asimismo, el referido Artículo establece que, en casos de *reanudación de tracto*, se harán constar los titulares intermedios y se citarán éstos como lo dispone el inciso 2 del Artículo 185 de esta Ley.

A tenor con el marco normativo antes expuesto, es menester aclarar que, al tratarse de un procedimiento de *reanudación de tracto*, el Artículo 183 de la Ley Núm. 210-2015, *supra*, limita la actuación judicial a la **citación** de los titulares intermedios. Sobre ese particular, dicho Artículo remite al inciso 2 del Artículo 185 de la referida Ley únicamente a los fines de identificar a las personas que deben ser citadas, a saber: el inmediato anterior dueño o sus herederos, si fueren conocidos y no constare en escritura pública la transmisión, así como aquellos que tengan cualquier derecho real sobre la finca objeto del procedimiento. Fuera de esa delimitación

expresa, el Artículo 183 de la Ley Núm. 210-2015, *supra,* no impone la obligación de cumplir con las notificaciones personales o por correo certificado dirigidas específicamente al Alcalde, al Secretario de Transportación y Obras Públicas, al Fiscal de Distrito ni a los poseedores de fincas colindantes, requisitos propios de los procedimientos de *expediente de dominio.*

A tenor con lo expuesto, en el caso ante nuestra consideración, el Tribunal de Primera Instancia erró al exigir el cumplimiento de las notificaciones personales o por correo certificado al Alcalde, al Secretario de Transportación y Obras Públicas, al Fiscal de Distrito y a las personas que están en posesión de las fincas colindantes. Consecuentemente, procede modificar el dictamen recurrido, a fin de atemperarlo al procedimiento correcto de *reanudación de tracto*, el cual no exige el cumplimiento estricto de las notificaciones antes descritas.

Finalmente, en su tercer señalamiento de error, la parte peticionaria sostiene que el Tribunal de Primera Instancia incidió al negarse a relevarla del requisito de enviar copia del emplazamiento por edicto a la última dirección de la parte demandada. No le asiste la razón. Veamos.

Según esbozáramos previamente, la Regla 4.6 de Procedimiento Civil, *supra*, dispone que, una vez autorizado el emplazamiento por edicto, deberá notificarse copia del emplazamiento y de la demanda a la última dirección física o postal conocida de la parte demandada, a menos que, mediante declaración jurada, se justifique que, a pesar de los esfuerzos razonables realizados **para localizar una dirección física o postal**, no ha sido posible identificar dirección alguna, en cuyo caso el tribunal podrá excusar el cumplimiento de dicha notificación.

En el caso ante nuestra consideración, del examen detenido de los documentos que obran en el expediente surge que la

declaración jurada suscrita por el emplazador, el señor Carlos Manuel Ortiz Torres, estuvo dirigida a detallar las diligencias realizadas para localizar a la parte demandada, a los fines de autorizar el emplazamiento por edicto. En específico, dicha declaración recoge gestiones tales como entrevistas a familiares y vecinos, consultas a un agente de la Policía de Puerto Rico, indagaciones ante una funcionaria del Municipio de Patillas y verificaciones en la Oficina de Correos, todas ellas orientadas a determinar el paradero de la parte demandada para efectos de su emplazamiento personal.

Ahora bien, de dicha declaración jurada no surge que se hubiesen realizado gestiones específicas dirigidas a identificar una última dirección física o postal conocida de la parte demandada, requisito distinto que impone la Regla 4.6 de Procedimiento Civil, *supra*. De este modo, las diligencias descritas por el emplazador, aunque suficientes para sustentar la autorización del emplazamiento por edicto, no satisfacen el estándar exigido para relevar a la parte peticionaria del deber de remitir copia del emplazamiento por edicto y de la demanda a la última dirección conocida, conforme lo exige el debido proceso de ley. Por ello, es forzoso concluir que, en este caso, no procede excusar a la parte peticionaria del envío de copia a la última dirección conocida, hasta que se cumpla con las exigencias antes detalladas. En consecuencia, el tercer señalamiento de error no se cometió.

De este modo y al amparo de la norma que legitima nuestra intervención en esta etapa de los procedimientos, por concurrir los criterios de la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada*, In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 141, pág. 63, 216 DPR __ (2025), resolvemos expedir el auto solicitado y *modificar* la *Orden* recurrida, ello en cuanto a lo aquí dispuesto.

**IV**

Por los fundamentos que anteceden, se expide el auto solicitado y modificamos el pronunciamiento de marras, a los únicos efectos de aclarar que, tratándose de un procedimiento de *reanudación de tracto* al amparo del Artículo 183 de la Ley Núm. 210-2015, *supra,* la parte peticionaria no viene obligada a cumplir con las exigencias de notificación personal respecto al Alcalde, al Secretario de Transportación y Obras Públicas, al Fiscal de Distrito ni a las personas que están en la posesión de las fincas colindantes, por no resultar aplicables a la controversia de autos. Por lo demás, la misma se confirma.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones